UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **NO. 09-MC-50670** |
| Plaintiff, | |
| VS. | **CHIEF DISTRICT JUDGE GERALD E. ROSEN** |
| **JOSE CASTRO-RAMIREZ,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| Defendant. | |

REPORT AND RECOMMENDATION

**I.   RECOMMENDATION:**   Defendant's Motion for Reconsideration of the Order Granting Leave to Dismiss Complaint Without Prejudice (docket no. 1) should be **DENIED**.

**II.   REPORT:**

    **A.   Facts and Procedural History**

The Government filed a criminal Complaint against Defendant on June 9, 2008. (Docket no. 1 ex. C). The Complaint charged that Defendant executed a scheme to defraud Medicare in violation of 18 U.S.C. § 1347. (*Id*.). Defendant made his initial appearance on June 10, 2008, and he was released on bond. (*Id*. ex. A). His preliminary examination was adjourned twice, and on April 28, 2009 the Government filed its Motion to Dismiss the Complaint without Prejudice. (*Id*.). On May 1, 2009, Magistrate Judge Pepe granted the Government's motion and dismissed the Complaint without prejudice. (No. 08-mj-30267, docket no. 11).

Defendant now moves for reconsideration of the dismissal without prejudice and contends that the dismissal should have been with prejudice. (Docket no. 1). Defendant contends that the Order reflects a palpable defect by which the Court and the parties have been misled and correcting

the defect will result in a different disposition of the case because the Government's "form" Motion to Dismiss omitted to mention that the 30-day period prescribed by the Speedy Trial Act, 18 U.S.C. § 3161(b), had long ago expired, and Defendant never had an opportunity to address that issue. (Docket no. 1 at 7). Defendant then goes on to argue that the Government's inexcusable delay in violation of the Speedy Trial Act compels dismissal of the Complaint with prejudice. (*Id*. at 8).

    **B.**    **Standard**

Pursuant to this Court's local rules, motions for reconsideration that "merely present the same issues ruled upon by the court" will not be granted. E.D. Mich. LR 7.1(g)(3).[1] In addition, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." (*Id*.). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Guaranty Residential Lending, Inc. v. Homestead Mortgage Co.*, 2006 WL 2711815 at *1 (E.D. Mich. Sept. 21, 2006).

    **C.**    **Analysis**

        **1.**    **Palpable Defect which Misled Court or Parties**

Defendant argues that the palpable defect is that "the Defendant never had an opportunity to address the Speedy Trial Act violation, the fact of which was not brought to the attention of the Court in the government's Motion and Brief." (Docket no. 1 at 7). To the extent that E.D. Mich. LR 7.1(d)(1)(B) provided a 21-day time period after service of the motion for Defendant to file a response to the motion, the entry of the dismissal order some four days after the filing of the motion could be considered a palpable defect.

---

[1] Made applicable in criminal cases by E.D. Mich. LCrR 12.1.

Rule 7.1(g)(3) also requires Defendant to show that the Court and the parties have been misled by the palpable defect.  Defendant fails to explain how the defect misled the Court or any party, however.  (Docket no. 1 at 7-8).  The Order dismissing the Complaint does not give any indication that the Court was laboring under a misapprehension as to the length of time the Complaint had been pending, and thus as to a possible Speedy Trial Act violation.  By a brief review of the docket sheet of the case (08-mj-30267; docket no. 1 at 17-18), the Court would have been aware of the relevant dates in the action.  To conclude that the Court or any party was misled would be pure speculation on this record.

### 2. Different Disposition

Even if Defendant had shown a palpable defect by which the Court and parties were misled, he has not made the required showing that correcting the defect will result in a different disposition of the case.  Rule 7.1(g)(3).  When deciding whether to dismiss a complaint with or without prejudice a court considers the seriousness of the offense, the facts and circumstances which lead to the dismissal, and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice.  18 U.S.C. § 3162(a)(1).

#### a. Seriousness of Offense

In arguing that the charged offense was not serious, Defendant characterizes the offense as "comparatively benign" and contends that there is no suggestion of bodily injury or that Dr. Castro obtained large sums of money.  (Docket no. 1 at 9).  Defendant is correct that there is no claim of bodily injury, however the affidavit in support of an arrest warrant for Defendant alleges that Defendant received $40,000 from the scheme and that Defendant's "involvement facilitated these suspect companies being paid $7,981,798.62 in Medicare funds for suspected fraudulent claims."

(No. 08-mj-30267, docket no. 2 at 8-10). The Court finds that a scheme to defraud of this magnitude is serious. *See United States v. Brown*, 2007 WL 470445, slip op. at *1 (M.D. Fla. Feb. 13, 2007) (finding that under 18 U.S.C. § 3162(a)(2) a scheme to defraud insurers of 2.5 million dollars was serious).

### b.      Facts and Circumstances Leading to Dismissal

Defendant has also failed to show that the facts and circumstances which led to the dismissal favor a dismissal with prejudice. First, Defendant concedes that the continuances granted by the court in this case expired on October 31, 2008. (Docket no. 1 at 8). In both continuances Defendant stipulated that any order continuing the case would not affect the calculation of time under the Speedy Trial Act. (No. 08-mj-30267, docket nos. 7, 8). Therefore, rather than a nine-month unaccounted delay as Defendant argues, the unaccounted delay from October 31, 2008 until the dismissal on May 1, 2009 is closer to six months.

Defendant also argues that the Defendant's previous acquittal after trial, at which the trial judge noted the unconscionable delay in prosecuting the case, raises questions whether the Government intentionally delayed this action or is reluctant to "let go" of Defendant. (Docket no. 1 at 10). This is speculation by Defendant.

Defendant also argues that if there is not sufficient evidence of his guilt to bring him to trial, he should never have been arrested or had his assets seized. (*Id.*). The evidence that the Government has accumulated against Defendant is not shown by the record. Simply because the Government argues in its motion that it needs additional time to obtain evidence does not show that Defendant never should have been arrested or had his assets seized. Defendant's arrest was judicially approved based on the Government's showing. The affidavit supporting Defendant's

arrest sets out a considerable amount of evidence against him.  At least some of the evidence is based on documents rather than testimony, which at least removes any question of credibility of the witness from the question whether the evidence is sufficient for a finding of guilt.  In short, Defendant has not shown that he never should have been arrested or had his assets seized.

### c. Impact of Reprosecution

Turning now to the final factor, the Court considers the impact of reprosecution on the administration of the Act and on the administration of justice.  As pointed out above, the unaccounted delay in this case is closer to six rather than nine months.  Defendant argues that at least one witness has apparently fled the country. (Docket no. 1 at 12).  There is no support for this contention.  Even if this witness has fled, nothing supports Defendant's contention that his ability to prepare a defense has been severely prejudiced.  As in the case of most defendants who are charged with criminal offenses, Defendant contends that he has experienced a disruption of his normal life, liberty, and ability to practice his profession while these charges were pending.  The Court finds that the final factor is in equipoise.  Defendant rightly wishes for a quick resolution of the charges against him.  However, on the other hand, the Government has an equally weighty desire to punish those who are defrauding Medicare of substantial amounts of money and in recovering any assets linked to the criminal offense.  Defendant has not shown that the impact of reprosecution on the Act and on the administration of justice favors a dismissal with prejudice.

For all of these reasons, Defendant has failed to show that there is a qualifying defect in the dismissal order and that, even if there was such a defect, correcting the defect in this action would result in a different disposition of the motion.  He has therefore failed to establish that reconsideration should be granted.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 17, 2009                                       s/ Mona K. Majzoub
                                                                         MONA K. MAJZOUB
                                                                         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Jose Castro-Ramirez and Counsel of Record on this date.

Dated: July 17, 2009                      s/ Lisa C. Bartlett
                                                 Courtroom Deputy